## REITMAN v. SHAPIRO.

(Supreme Court, Appellate Term.  February 5, 1909.)

JUDGMENT (§ 954*)—RES JUDICATA—IDENTITY OF ISSUES—EVIDENCE.

  In an action against copartners, both being served and both appearing, on an account stated, judgment went for both defendants on the merits. In a subsequent action against one of the defendants on an account stated, the former adjudication was pleaded.  *Held*, that it was error, on offering in evidence the judgment roll in the prior case, to exclude evidence that the cause of action sued on in that case was identical with the cause of action in the subsequent suit.

  [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1816–1818; Dec. Dig. § 954.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Reitman against Sam Shapiro on an account stated. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Samuel Saltzman, for appellant.
Benjamin Koenigsberg, for respondent.

SEABURY, J.  The plaintiff sues upon an alleged account stated. The answer pleads a denial and a former judgment as a bar to the present action.  The plaintiff offered evidence of an account stated between the parties.  The defendant offered as evidence the judgment roll in an action wherein this plaintiff was the plaintiff and this defendant and one Rubin were sued as copartners.  That action was also brought to recover upon an alleged account stated.  Both of these alleged accounts arose from the same alleged debt.  The defendant offered evidence to show that the cause of action sued upon in the action against the copartnership was identical with that upon which the

plaintiff now seeks to recover. This evidence was excluded, over the objection and exception of the defendant.

We think the exclusion of this evidence was error. If the causes · of action were identical to the extent that the same evidence would support both, the judgment in favor of the defendants in the action against the partners jointly was res adjudicata in this action. In the action brought against Shapiro and Rubin as copartners, both of the defendants were personally served and appeared in the action. If the judgment had been entered against the defendants in that action, it would have been conclusive evidence of the liability of each defendant who was served or appeared. Code Civ. Proc. § 1933. In that action judgment was rendered on the merits in favor of both defendants, and the judgment so rendered is as a plea a bar, or as evidence conclusive, between the same parties upon the same matter. This defendant should not be twice vexed for one and the same cause.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.